## PERKINS v. PROUT.

Where a promissory note has been obtained by fraud or duress, or upon an illegal consideration, and it is sued in the name of the endorsee, the burden is upon him to prove that he is a *bona fide* holder and for value.

To show the *intent* with which certain representations were made, proof of other fraudulent representations of a similar character by the same person and about the same time, is admissible.

ASSUMPSIT upon a promissory note payable originally to Wm. A. Putney or order, and by him endorsed to the plaintiff. The note purported to be dated March 16, 1865, for $1750, payable in ninety days with interest. Plaintiff proved a demand upon defendant for payment Saturday, June 17, and this writ was made Monday, June 19, 1865.

Defendant offered some evidence which the court held to be competent, as tending to show that Putney obtained this note of defendant by fraud.

Whereupon the court ruled that the burden of proof was upon the plaintiff to show that he received the note in suit before its maturity, and without knowledge of the fraud or of such facts and circumstances as should have put him upon inquiry. To which ruling the plaintiff excepted.

It appeared that the note in suit was given for one undivided tenth part of 350 acres of oil lands in Western Virginia, which was purchased for the purpose of getting up an oil company. And the alleged false and fraudulent representations of Putney, made to defendant, were for the purpose of inducing him to buy this interest in said lands, for which this note was given and thus become a member of said company. For

the purpose of showing the *fraudulent intent* of Putney in making these representations to defendant, the court permitted the defendant to prove other similar alleged fraudulent representations made to other persons, in connection with the same subject-matter, and about the same time, for the purpose of inducing such persons to purchase in the same manner and become members of said company, and in the absence of defendant. To which ruling plaintiff excepted.

There was some evidence tending to show that some deed purporting to convey said lands had been given to said Putney and others for the benefit of said company. But no deed was produced, nor were its terms or condition proved, nor was it shown that there were any such lands in fact, or if there were, nothing was shown as to their condition or value.

The court instructed the jury that if defendant had received anything of value as the consideration of his note, he could not rescind the contract, and avoid the payment of the note, without first restoring or reconveying what he had thus received, or tendering or offering to do so, and as there was no evidence of any offer to restore in this case, if they found that defendant had received anything, as the consideration of this note, which was of any value whatever, their verdict must be for the plaintiff; but if he had received nothing, or something entirely worthless and of no value whatever, and they found the note to have been obtained by fraud of which this plaintiff had notice when he purchased the note, their verdict should be for defendant.

To which ruling plaintiff excepted.

Verdict for defendant, which plaintiff moves the court to set aside.

*Morrison & Stanley*, for plaintiff.

This is an action of assumpsit upon a promissory note payable to Wm. A. Putney or order, and endorsed by him to the plaintiff.

Every promissory note is presumed to have a valuable consideration, and such presumption holds good until the contrary is shown.   *Coburn* v. *Odell*, 30 N. H. 540.

Evidence was offered by the defendant, which the court held to be competent, as tending to show that Putney obtained this note of defendant by fraud, in consequence of which the court ruled that the burden of proof then devolved upon the plaintiff to show that he received the note in suit before its maturity, and without knowledge of such fraud or of such facts and circumstances as were alleged in defendant's evidence, as should have put him upon inquiry.

Now the question arises, whether or not the burden of proof, as the court ruled, devolved upon the plaintiff. If the defendant alleges fraud on the part of Putney, that avails nothing as against the plaintiff, unless it is proved beyond a doubt that the endorsee was well aware of such circumstances as would have avoided the note in the hands of the endorser.   *Perkins* v. *Challis*, 1 N. H. 254.

The case finds that the plaintiff gave for said note a valuable consideration, which was a little less than the face of the note; and that the note was endorsed before it became due. It would not invalidate the

note at all in the hands of the endorsee, if evidence was offered that the plaintiff knew the note was given for certain oil lands, without proving that he also knew the oil lands were worthless.  *Perkins* v. *Challis*, 1 N. H. 254.

By the ruling in the above case cited, the inference is clearly drawn that the burden of proof devolves upon the defendant to show that the plaintiff had a knowledge of such facts or of such circumstances, as would have avoided the note in the hands of Putney.

In the case of *John Wheeler* v. *Albert Guild et al.*, *Shaw*, *C. J.*, said : "The law in regard to bills of exchange and promissory notes, is so framed as to give confidence and security to those who receive them, for a valuable consideration, in the ordinary course of business, when payable to bearer or endorsed in blank, so as to be transferable by delivery ; and, in general, a party taking such a bill under such circumstances, has only to look to the credit of the parties to it, and the regularity and genuineness of the signatures and endorsements.   So that if such a bill or note be made without consideration, or be lost or stolen, and afterwards be negotiated to one having no knowledge of these facts, for a valuable consideration, and in the usual course of business, his title is good and he shall be entitled to receive the amount.   And it will be presumed that the party thus in possession of a bill, holds it for value, until the contrary appears ; AND THE BURDEN OF PROOF IS ON THE PARTY IMPEACHING HIS TITLE."   *Collins* v. *Martin*, 1 Bos. & Pul. 648.   The same rule is held in *Doe* v. *Burnham*, 31 N. H. 426, and cases there cited.

In *Collins* v. *Martin*, *Eyre*, *C. J.*, says : "No want of consideration, or other ground, to impeach the apparent value received, was ever admitted in a case between an acceptor or drawer, and a third person holding the bill for value ; and the rule is so strict that it will be presumed that he does hold for value till the contrary appears ; the *onus probandi* lies on the defendant."

The cases referred to by the court in *Clark* v. *Pease*, 41 N. H. 414, sustain the following principle : that when the defendant PROVES the note to have been ILLEGAL in its inception, and that the plaintiff took it WITHOUT VALUE, then simply the *onus probandi* devolves upon the plaintiff to prove that he gave a valuable consideration for it ; but the ruling of the court in the present case goes much further, and requires the plaintiff—after the defendant has offered some evidence which the court held to be competent as tending to show that Putney obtained this note of defendant by fraud—to show that he received the note in question before its maturity, and without knowledge of the fraud, or of such facts and circumstances as should have put him upon inquiry ; which ruling is completely overthrown by all the authorities cited in this brief.

It does not follow, that, if Putney did make misrepresentations to third parties, in the absence of the defendant, in connection with the same subject-matter, it proves anything definite in regard to Putney's having a fraudulent intent in making representations to the defendant.

It appears that defendant bought of said Putney an interest in certain oil lands in West Virginia, for which he gave his note, and thus he be-

came a member of the company. The defendant must have known the general nature of these oil lands—whether, when they were tested for oil, they would produce large quantities or not—and according to the yield of oil so would be the value of his .interest in said lands ; and it is fair to presume that the defendant, when he bought his interest in said lands, was well aware of the uncertainty of their value, that they might prove very valuable, or they might not. Under· all these circumstances it seems that the defendant ought to stand upon the ground of the real representations, whatever they may be, that Putney made to him, which induced him to buy his interest in said land, and not allow the representations that were made to third parties to have any influence in this case.

Taking this view of the case, it seems that the instructions given by the court to the jury should have been modified, for the rulings of the court, and the instructions given to the jury, tended to deprive the plaintiff of a fair and just trial.                                     .

*Sawyer & Sawyer*, Jr., for defendant.

The cases *Clark* v. *Pease*, 41 N. H. 414, and *Garland* v. *Lane*, 46 N. H. 245, established the doctrine as the law of this State recognized in other jurisdictions, that if a note is obtained by fraud, upon its coming into the hands of an endorsee, the burden of proof is upon him to show that he is *bona fide* endorsee for value.

As to the other point in the case, the admission of proof of other similar fraudulent representations made about the same time, we refer to *Bradley* v. *Obear*, 10 N. H. 477, and cases there cited.

No question arises upon the instructions relative to an offer to restore anything of value received for the note fraudulently obtained, as they were sufficiently favorable to the plaintiff, and the jury must have found that nothing of value was received.·

.BELLOWS, J. It must be considered as settled in this State, that if a promissory note was obtained by fraud or duress, or upon an illegal consideration, and it is held in the name of an endorsee, the burden is upon him to prove that he is ·a *bona fide* holder, and for value. *Clark* v. *Pease*, 41 N. H. 414 ; *Garland* v. *Lane*, 46 N. H. 245.

Such were the instructions substantially in the case before us. As the evidence tended to prove that the note was obtained by fraud, it was proper and necessary to tell the jury upon whom the burden of proof rested in respect to the good faith of the transfer, leaving it to them to determine the question of fraud on the evidence. In respect to that evidence the court gave no opinion, and there is no exception to any instructions as to its competency to be considered.

The reason for casting the burden of proof upon the endorsee in such cases is to be found in the presumption, based upon experience in such cases, that a person who has illegally or fraudulently obtained a promissory note will generally cause it to be sued in the name of an endorsee, with a view to shut out, or embarrass the defence that might otherwise

be made.   For this reason such transfers are usually regarded with suspicion ; and hence the rule which throws the burden of proof upon the endorsee, who must very generally have the best means to show what the facts really are.

The proof of other fraudulent representations of the payee about the same time, and of a similar character, was admitted to show his *fraudulent intent* in this case, not to render it probable that he made such representations to defendant ; and such evidence is admissible for that purpose.   This is settled by the case of *Bradley* v. *Obear*, 10 N. H. 477, where the principle involved was the same as in the case at bar.

Upon the same ground, proof of other conveyances made about the same time as the conveyance in question, and with intent to defraud creditors, is admissible.   *Whitton* v. *Varney*, 10 N. H. 294, and cases cited.

Indeed, when the knowledge and intent of a party is a material fact, proof of matters apparently collateral is admissible in many cases both civil and criminal.   1 Greenl. Ev. sec. 53, and notes and numerous cases cited ; 4 Stark. Ev. 377 ; Roscoe's Cr. Ev. 94.   Among the cases of this sort are indictments for altering counterfeit money, and then altering other and similar counterfeit money about the same time, or having it in the prisoner's possession, may be received upon the question of guilty knowledge.

So in actions for slander, proof of other language used about the same time, is admissible to show malice.   2 Starkie on Slander 54–57.

In Roscoe's Cr. Ev. 94, before cited, it is laid down without qualification, that wherever the intent of the prisoner forms part of the matter in issue, evidence may be given of other facts not in issue, provided they tend to establish the intent of the prisoner in committing the act in question, and the authorities cited by him fully sustain the doctrine.

The instructions as to the necessity of restoration were correct, and the exception appears not to be insisted upon.

*Judgment on the verdict.*